IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| HAROLD CLARENCE FROST, # 259485, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Civil Action No. 1:13cv752-TMH |
| | ) | (WO) |
| DEWAYNE ESTES, *et al.*, | ) | |
| | ) | |
| Respondents. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

This cause is before the court on a petition for a writ of habeas corpus under 28 U.S.C. § 2254 filed by Alabama inmate Harold Clarence Frost ("Frost") on October 11, 2013. Doc. No. 1. Frost challenges his 2012 guilty plea convictions in the Circuit Court of Coffee County, Alabama, on two counts of sexual abuse of a child less than twelve years of age.

In their answer, as supplemented, the respondents maintain that Frost's § 2254 petition should be dismissed without prejudice as a "mixed petition" presenting both exhausted and unexhausted claims, so that Frost can exhaust his available state court remedies as to all his habeas claims. *See* Doc. Nos. 8 and 10. In light of the respondents' answer, this court entered an order advising Frost that his petition appears to be a "mixed petition" and affording him an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state court remedies as to all his claims. Doc. No. 12. Frost has filed a response in which he fails to establish that all claims in his petition have been exhausted in the state courts. Doc. No. 13.

## DISCUSSION

It is a longstanding prerequisite to the filing of a federal habeas corpus petition that the petitioner have exhausted available state court remedies, 28 U.S.C. § 2254(b)(1), thereby giving the State the "'opportunity to pass upon and correct' alleged violations of its prisoners' federal rights." *Duncan v. Henry*, 513 U.S. 364, 365 (1995) (quoting *Picard v. Connor*, 404 U.S. 270, 275 (1971) (citation omitted)); *see also Castille v. Peoples,* 489 U.S. 346, 349 (1989). "To satisfy the exhaustion requirement, the petitioner must have fairly presented the substance of his federal claim to the state courts." *Picard*, 404 U.S. at 277-78. To fully exhaust, "state prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (citing 28 U.S.C. § 2254(c)).

Frost's § 2254 petition contains several claims challenging the validity of his guilty plea as well a claim that his appellate counsel rendered ineffective assistance of counsel. Doc. No. 1. While it appears that his claims challenging the validity of his guilty plea were exhausted in the state courts, it is undisputed that his claim of ineffective assistance of appellate counsel has not been presented in the state courts. Thus, Frost has failed to satisfy the exhaustion prerequisite as to this claim.

The Supreme Court has dubbed habeas petitions like Frost's – asserting both exhausted and unexhausted claims – "mixed petitions." *See Rose v. Lundy*, 455 U.S. 509

(1982). Such petitions must be dismissed without prejudice, thereby allowing petitioners to resubmit only their exhausted claims, or to pursue total exhaustion of state court remedies before bringing a federal habeas action. *Snowden v. Singletary*, 135 F.3d 732, 736 (11th Cir. 1998) (citing *Rose*, 455 U.S. at 519-20). Alternatively, *Rose* permits a petitioner to amend his habeas application "to delete the unexhausted claims, rather than returning to state court to exhaust all of his claims." *Rose*, 455 U.S. at 520; *see also Burton v. Stewart*, 549 U.S. 147, 153-54 (2007) (citing *Rose* and stating that prisoner may withdraw mixed petition in order to exhaust remaining claims before returning to district court, or may withdraw unexhausted claims).

As noted, this court entered an order advising Frost that his petition appears to be a "mixed petition" and affording him an opportunity to demonstrate why his petition should not be dismissed for failure to exhaust state court remedies as to all his claims. *See* Doc. No. 12. In his response to the court's order, Frost does not indicate any desire to delete his unexhausted ineffective-assistance-of-counsel claim; indeed, for the most part, he sets forth arguments going to the merits of this claim. *See* Doc. No. 13.

Exhibits submitted by the respondents reflect that the certificate of judgment in Frost's direct appeal was entered by the Alabama Court of Criminal Appeals on August 16, 2013. Doc. No. 8, Resp'ts' Ex. 21. A state petition for post-conviction relief under Rule 32 of the Alabama Rules of Criminal Procedure must be filed within one year of the entry of the certificate of judgment. Ala.R.Crim.P. 32.2 (c). Therefore, Frost may still seek to present

his unexhausted ineffective-assistance-of-counsel claim in a Rule 32 petition filed in the trial court (the Circuit Court of Coffee County) on or before August 16, 2014, so that the state courts may consider his unexhausted claim in the first instance.

This court does not deem it appropriate to rule on the merits of Frost's claims for relief without first requiring that Frost exhaust the remedies available to him in the state courts. *See* 28 U.S.C. § 2254(1)(b)(2). Consequently, the Magistrate Judge concludes that the petition for habeas corpus relief should be dismissed without prejudice so that Frost can pursue his available state court remedies as to his unexhausted claim.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the petition for a writ of habeas corpus under 28 U.S.C. § 2254 be dismissed without prejudice to afford Frost an opportunity to exhaust all state court remedies available to him.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before January 28, 2014. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of

plain error or manifest injustice.  *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).  *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc)

Done this 14th day of January, 2014.

       /s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE